**Kathleen M. ALDRIDGE, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 02–2648 D/V.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 15, 2003.

---

Kathleen M. Aldridge, Memphis, TN, Pro se.

Harriett M. Halmon, U.S. Attorney's Office, Memphis, TN, for United States of America.

**ORDER DENYING DEFENDANT'S
MOTIONS TO DISMISS**

DONALD, District Judge.

This matter is before the Court upon the motion of Defendant, the United States of America, to dismiss Kathleen Aldridge's ("Plaintiff") complaint.[1] Defendant asserts that Plaintiff has not stated a claim on which relief may be granted, because the relief requested cannot exceed the amount claimed administratively. Plaintiff requests compensatory damages of six million dollars plus court costs. This Court has jurisdiction under the Federal Tort Claims Act. 28 U.S.C. § 2671 *et seq.* (2003). Since Plaintiff has stated a cognizable claim, the Court **DENIES** Defendant's motion to dismiss.

## I. FACTUAL/PROCEDURAL BACK-GROUND

Plaintiff, pro se, is the widow of Willie Aldridge, Jr. Compl. ¶ 1. She claims that the Veterans Administration Medical Center (VAMC) delivered inadequate and negligent medical care to Mr. Aldridge, contributing to his demise. *Id.* ¶ 2. She alleges that VAMC was negligent in failing to inform Plaintiff and her husband that surgery involves a greater risk when the patient has pre-existing lung disease. Compl. ¶ 4–6.

Plaintiff filed a complaint for alleged medical malpractice against Defendant on August 19, 2002. She subsequently amended the complaint to include claims of medical malpractice and wrongful death. Defendant answered the full complaint with a pleading which contained this motion for dismissal. Plaintiff responded to the motion on January 24, 2003.

1. Defendant asks the Court "to dismiss this cause or, to grant judgment to the Defendant together with its costs." Answer at 3. A mo-

tion for judgment on the pleadings without matters outside the pleadings, is a motion for dismissal. Fed. R. Civ. Pro. 12(c).

## II. STANDARD FOR DISMISSAL

A party may bring a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This motion only tests whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827; *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 405 (6th Cir.1998). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976).

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103; *Westlake,* 537 F.2d at 858. The complaint need not specify all the particularities of the claim, and if the complaint is merely vague or ambiguous, a motion under Fed.R.Civ.P. 12(e) for a more definite statement is the proper avenue rather than under Fed.R.Civ.P. 12(b)(6). 5A Wright & Miller, Federal Practice & Procedure § 1356 (West 1990).

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis,* 135 F.3d at 405–06.

## III. ANALYSIS

When a veteran is injured at a medical center operated by the United States Department of Veterans Affairs, he may file for disability benefits under 38 U.S.C. Section 1151 and separately for medical malpractice tort remedies under the Federal Tort Claims Act ("FTCA"). *See Glarner v. U.S. Dep't of Veterans Admin.,* 30 F.3d 697 (6th Cir.1994). Plaintiff clearly states in the pleadings that she sues pursuant to the FTCA. Compl. ¶ 1. Her complaint is replete with facts on which she bases her claims. *See* Compl. ¶ 4 (alleging that neglecting to inform Mr. Aldridge of surgery complications was medical negligence); Compl. ¶ 15 (alleging that doctors breached several duties of care). Plaintiff's Complaint clearly states a tort claim under the FTCA.

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff's requested damages cannot exceed the amount claimed administratively. Answer ¶ 20. The U.S. Supreme Court has held that the FTCA did not bar a wife, whose husband suffered irreversible brain damage as result of Veterans' Administration hospital's negligence, from recovering damages for her husband's future medical

expenses and his loss of enjoyment of life. *Molzof v. United States*, 502 U.S. 301, 312, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992). The damages were in addition to the benefits that the wife received from proceedings under 38 U.S.C. Section 1155. *Id.* Defendant has failed to argue any ground for its assertion that the damages may not exceed the amount claimed administratively. *See* Answer.

Therefore, Plaintiff has clearly stated a claim on which relief may be granted. Accordingly, Defendant's motion for dismissal is denied.

## IV. CONCLUSION

Plaintiff has stated a cognizable claim. Accordingly, the Court denies Defendant's motion to dismiss.